■ ROBERT SARMIENTO et al., Plaintiffs, v 111 EIGHTH AVENUE LLC et al., Appellants, and J.T. FALK & COMPANY, INC., Respondent, et al., Defendant. 111 EIGHTH AVENUE LLC et al., Third-Party Plaintiffs-Appellants, v BLUE DIAMOND SHEET METAL et al., Third-Party Defendants, and KEMPER INSURANCE COMPANY, Third-Party Defendant-Respondent. (And Another Action.) [756 NYS2d 10] —Order, Supreme Court, New York County (Marilyn Shafer, J.), entered December 7, 2001, which, to the extent appealed from, upon renewal, denied so much of the cross motion of defendant and third-party plaintiff Morse Diesel International Inc. for partial summary judgment against third-party defendant Kemper Insurance Company as sought a declaration that Kemper is obligated to provide Morse with primary, as opposed to coinsurer, coverage under a policy issued to defendant J.T. Falk & Company, and denied Morse's alternative motion for summary judgment as against J.T. Falk and third-party defendant Blue Diamond Sheet Metal upon Morse's claims against those parties for breach of contract to procure insurance coverage, and order, same court and Justice, entered July 22, 2002, which, to the extent appealable, denied Morse Diesel's motion for renewal, unanimously affirmed, without costs. Appeal from order, same court and Justice, entered on or about October 17, 2001, unanimously dismissed, without costs, as superseded by the appeals from the aforesaid subsequent orders.

The motion court properly exercised its discretion in refusing to accept the submission of a retroactive endorsement which

would have made The Travelers an excess insurer and Kemper a primary carrier relative thereto, instead of a coinsurer therewith. No reasonable excuse was offered for the failure to produce the endorsement on the initial two motions (*see* CPLR 2221 [e] [3]), and, in any case, the court's discretion was not so broad as to accommodate the submission of a retroactive endorsement issued after the underlying accident, after the policy period had expired, and after the commencement of the lawsuit.

As the policies existed at the time of the accident, it is apparent that Kemper, The Travelers and Hartford Insurance Group all afforded primary coverage, which was modified by the "other insurance" clauses of the respective policies. Hence, that the Kemper policy is not primary results not from the failure of defendant J.T. Falk & Company to comply with the terms of the subcontract, but rather from the express language of The Travelers policy. By parity of reasoning, we cannot conclude that Blue Diamond breached its contractual undertaking to procure primary coverage when it purchased its policy from the Hartford Insurance Group. Concur—Saxe, J.P., Buckley, Rosenberger, Lerner and Gonzalez, JJ.